UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                                                    Chapter 7
                                                                                          Case No. 1-20-42258-ess
ANTONINO VENTICINQUE,
AKA ANTONIO VENTICINQUE
AKA ANTONIO A VENTICINQUE
AKA ANTONINO A VENTICINQUE

                              Debtor.
-----------------------------------------------------------x

BERNADETTE KASCHNER,
                                                                                          Adv. Pro. No. 20-1096-ess
                              Plaintiff,

      -against-

ANTONINO VENTICINQUE,
AKA ANTONIO VENTICINQUE
AKA ANTONIO A VENTICINQUE
AKA ANTONINO A VENTICINQUE

                              Defendant.
-----------------------------------------------------------x

## ORDER GRANTING IN PART AND DENYING IN PART
## THE MOTION TO DISMISS THE AMENDED COMPLAINT

WHEREAS, on June 4, 2020, Antonino Venticinque filed a petition for relief under Chapter 7 of the Bankruptcy Code; and

WHEREAS, on August 4, 2020, Bernadette Kaschner commenced this adversary proceeding against Mr. Venticinque by filing a complaint seeking the entry of a judgment under Bankruptcy Code Section 727(a)(4)(A) denying his bankruptcy discharge; and

WHEREAS, on February 16, 2021, Ms. Kaschner filed an amended complaint seeking the entry of a judgment under Bankruptcy Code Section 523(a)(2)(A) denying the dischargeability of a debt owed to her, and under Bankruptcy Code Section 727(a)(4)(A) denying

1

his bankruptcy discharge (the "Amended Complaint"); and

WHEREAS, on March 30, 2021, Mr. Venticinque, by his counsel, filed a motion to dismiss the Amended Complaint (the "Motion to Dismiss"); and

WHEREAS, on June 11, 2021, Ms. Kaschner filed an objection to Mr. Venticinque's Motion to Dismiss (the "Objection"); and

WHEREAS, on July 9, 2021, Mr. Venticinque, by his counsel, filed a reply to Ms. Kaschner's Objection (the "Reply"); and

WHEREAS, from time to time, the Court held continued pre-trial conferences and heard arguments on the Motion to Dismiss, at which Ms. Kaschner and Mr. Venticinque, by his counsel and then *pro se*, appeared and were heard, and the record is now closed; and

WHEREAS, Federal Rule of Civil Procedure 12(b)(6) permits a party to seek dismissal of a claim at the pleadings stage if it does not state a claim upon which relief may be granted; and

WHEREAS, as the Supreme Court has observed, under this rule, "a plaintiff's obligation to provide the grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); and

WHEREAS, as the Supreme Court has also stated, a court should "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); and

WHEREAS, as the Supreme Court has also held, in order for a claim to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief

that is plausible on its face," *Twombly*, 550 U.S. at 570; and

WHEREAS, when considering a motion to dismiss under Rule 12(b)(6), a court should accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff, *see DiFolco v. MSNBC Cable, L.L.C.*, 622 F.3d 104, 110-11 (2d Cir. 2010) (accepting the plaintiff's factual allegations as true); *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir. 1993) (accepting as true the complaint's factual allegations and drawing inferences in the pleader's favor); and

WHEREAS, when a cause of action is grounded in fraud, the plaintiff must plead the cause of action with the particularity required by Federal Rule of Civil Procedure 9(b), made applicable to this proceeding by Bankruptcy Rule 7009(b); *see Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (stating that Rule 9(b) requires that a fraud claim must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent").

WHEREAS, Ms. Kaschner's First Cause of Action seeks to deny the dischargeability of a debt owed to her by Mr. Venticinque, arising from a judgment entered in the Superior Court of New Jersey, Law Division, Cape May County (the "New Jersey State Court Action"), pursuant to Bankruptcy Code Section 523(a)(2)(A); and

WHEREAS, in order to state a claim under Section 523(a)(2)(A), Ms. Kaschner must allege (i) that Mr. Venticinque made a false representation; (ii) that he knew the representation was false at the time it was made; (iii) that he made the false representation with the intent to deceive her; (iv) that she justifiably relied on the representation; and (v), that she sustained a loss that was proximately caused by the false representation; *see Fleet Credit Card Servs., L.P. v. Macias* (*In re Macias*), 324 B.R. 181, 187 (Bankr. E.D.N.Y. 2004); and

WHEREAS, based on the entire record, accepting the well-pleaded factual allegations in the Amended Complaint as true, and drawing all reasonable inferences in favor of Ms. Kaschner, Mr. Venticinque has not met his burden to show that Ms. Kaschner has failed adequately to plead sufficient facts to state a claim for relief under Section 523(a)(2)(A) that is plausible on its face; and

WHEREAS, Ms. Kaschner's Second Cause of Action seeks to deny Mr. Venticinque's discharge pursuant to Bankruptcy Code Section 727(a)(4)(A); and

WHEREAS, in order to state a claim under Section 727(a)(4)(A), Ms. Kaschner must allege that (i) Mr. Venticinque made statements under oath in connection with his bankruptcy case; (ii) that the statements were false; (iii) that Mr. Venticinque knew that the statements were false; (iv) that Mr. Venticinque made the statements with fraudulent intent; and (v) the statements materially related to Mr. Venticinque's bankruptcy case, *see Web Holdings, LLC v. Cedillo* (*In re Cedillo*), 573 B.R. 451, 465 (Bankr. E.D.N.Y. 2017); and

WHEREAS, based on the entire record, accepting the well-pleaded factual allegations in the Complaint as true, and drawing all reasonable inferences in favor of Ms. Kaschner, Mr. Venticinque has met his burden to show that Ms. Kaschner has failed to adequately plead sufficient facts to state a claim for relief under Section 727(a)(4)(A) that is plausible on its face.

NOW, THEREFORE, it is hereby

ORDERED, that based on the entire record, as set forth in this Court's Memorandum Decision on the Motion to Dismiss the Amended Complaint dated October 12, 2022, and for all the reasons reflected in the record, Mr. Venticinque's Motion to Dismiss Ms. Kaschner's Bankruptcy Code Section 523(a)(2)(A) claim that the judgment entered in the New Jersey State Court Action is nondischargeable is denied, and that claim will not be dismissed; and it is further

ORDERED, that based on the entire record, as set forth in this Court's Memorandum Decision on the Motion to Dismiss the Amended Complaint dated October 12, 2022, and for all the reasons reflected in the record, Mr. Venticinque's Motion to Dismiss Ms. Kaschner's Bankruptcy Code Section 727(a)(4)(A) claim that Mr. Venticinque's bankruptcy discharge should be denied is granted, and that claim will be dismissed; and it is further

ORDERED, that based on the entire record, and for all the reasons reflected in the record, all other relief requested in the Motion is denied.



Dated: Brooklyn, New York
October 12, 2022

Elizabeth S. Stong
United States Bankruptcy Judge

TO:

Bernadette Kaschner
1512 Beach Ave
Cape May, NJ 08204

Antonino Venticinque
34-57 82nd St.
Apt. 6B
Jackson Heights, NY 11372

Lori Lapin Jones
Lori Lapin Jones PLLC
98 Cutter Mill Road
Suite 255 South
Great Neck, NY 11021

U.S. Trustee
Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014